MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
VICTOR PERALTA, *individually and on behalf of*
*others similarly situated,*

Plaintiff,

-against-

BLL RESTAURANT CORP. (d/b/a PORTO
BELLO), BLL RESTRNT CORP. (d/b/a PORTO
BELLO), 49 CARMINE ST. RESTAURANT
CORP. (d/b/a PORTO BELLO), ALBERTO
BEVILACQUA and LOUIS BEVILACQUA,

Defendants.

----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Victor Peralta ("Plaintiff Peralta" or "Mr. Peralta"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against BLL Restaurant Corp. (d/b/a Porto Bello), BLL Restrnt Corp. (d/b/a Porto Bello), 49 Carmine St. Restaurant Corp. (d/b/a Porto Bello) (collectively "Defendant Corporations"), Alberto Bevilacqua and Louis Bevilacqua (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff Victor Peralta is a former employee of Defendants BLL Restaurant Corp. (d/b/a Porto Bello), BLL Restrnt Corp. (d/b/a Porto Bello), 49 Carmine St. Restaurant Corp. (d/b/a Porto Bello), Alberto Bevilacqua and Louis Bevilacqua

2.     "Porto Bello" is an Italian restaurant located at 208 Thompson St., New York, NY 10012.

3.      Upon information and belief, Defendants Alberto Bevilacqua and Louis Bevilacqua serve or served as owners, managers, principals and/or agents of Defendant Corporations and through these corporate entities operates the Italian restaurant.

4.      Plaintiff Peralta is a former employee of Defendants.

5.      Plaintiff Peralta was ostensibly employed as a busboy and then as a waiter, but he was required to spend a substantial amount of time each day performing non-tipped duties unrelated to waiting work, including: preparing salads, stocking wine deliveries, preparing the tables for the following days, bringing ice from basement to main floor, filling the bar with drinks (hereinafter "non-tip non-waiting duties").

6.      Plaintiff Peralta regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Peralta appropriately for any hours worked.

8.      Further, Defendants failed to pay Plaintiff Peralta the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Peralta as a busboy and then as a waiter in their payroll, but in actuality his duties included greater or equal time spent performing the non-waiting, non-tipped duties alleged above.

10.     Regardless of duties, Defendants paid Plaintiff Peralta and all other waiters at the tip-credit rate.

2

11.     In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip-credit because Plaintiff Peralta's non-tipped duties exceeded 20% of each workday, (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Peralta's actual duties in payroll records to avoid paying Plaintiff Peralta at the minimum wage rate, and to enable them to pay Plaintiff Peralta at the lower tip-credited rate, by designating him as a waiter instead of a non-tipped employee.

13.     Defendants' conduct extended beyond Plaintiff Peralta to all other similarly situated employees.

14.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Peralta and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Peralta now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorney's fees and costs.

16.     Plaintiff Peralta seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Peralta's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Peralta was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Peralta is an adult individual residing in New York County, New York.

20.     Plaintiff Peralta was employed by Defendants from approximately 1996 until on or about October 4, 2017.

21.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Peralta consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all times relevant to this Complaint, Defendants owned, operated, and/or controlled an Italian restaurant located at 208 Thompson St., New York, NY 10012 under the name "Porto Bello".

23.    Upon information and belief, Defendants BLL Restaurant Corp. (d/b/a Porto Bello), is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 208 Thompson St., New York, NY 10012 and its address of process at 223 Grasmere Drive, Staten Island, NY 10305.

24.    Upon information and belief, Defendants BLL Restrnt Corp. (d/b/a Porto Bello), is a Domestic Corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 208 Thompson St., New York, NY 10012.

25.    Upon information and belief, Defendants 49 Carmine St. Restaurant Corp. (d/b/a Porto Bello), is a Domestic Corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 208 Thompson St., New York, NY 10012.

26.    Defendant Alberto Bevilacqua is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Alberto Bevilacqua is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations.

27.    Defendant Alberto Bevilacqua possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

28.     Defendant Alberto Bevilacqua determined the wages and compensation of the employees of Defendants, including Plaintiff Peralta, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

29.     Defendant Louis Bevilacqua is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Louis Bevilacqua is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporations.

30.     Defendant Louis Bevilacqua possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations and/or controlled significant functions of Defendant Corporations.

31.     Defendant Louis Bevilacqua determined the wages and compensation of the employees of Defendants, including Plaintiff Peralta, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

32.     Defendants operate an Italian restaurant located at 208 Thompson St., New York, NY 10012.

33.     Individual Defendants Alberto Bevilacqua and Louis Bevilacqua possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff Peralta's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Peralta, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Peralta, and all similarly situated individuals, and are Plaintiff Peralta's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.     In the alternative, Defendants constitute a single employer of Plaintiff Peralta and/or similarly situated individuals.

38.     Upon information and belief, Individual Defendants Alberto Bevilacqua and Louis Bevilacqua operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as  legal entities separate and apart from themselves by, among other things:

>    (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

>    (b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

>    (c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over them as  closed Corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

39.     At all relevant times, Defendants were Plaintiff Peralta's employers within the meaning of the FLSA and NYLL.

40.     Defendants had the power to hire and fire Plaintiff Peralta, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Peralta's services.

41.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

43.    Plaintiff Peralta is a former employee of Defendants who was ostensibly employed as a busboy and then as a waiter, but who spent more than 20% of each work day performing the non-waiting, non-tip duties outlined above.

44.    Plaintiff Peralta seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Victor Peralta*

45.    Plaintiff Peralta was employed by Defendants from approximately 1996 until on or about October 4, 2017.

43.    At all relevant times, Plaintiff Peralta was ostensibly employed by Defendants as a busboy and then as a waiter.

44.    However, Plaintiff Peralta spent at least 20% of each work day performing the non-waiting, non-tip duties outlined above.

45.    Plaintiff Peralta regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

46.    Plaintiff Peralta's work duties required neither discretion nor independent judgment.

47.    Throughout his employment with Defendants, Plaintiff Peralta regularly worked in excess of 40 hours per week.

48.    From approximately October 2011 until on or about October 4, 2017, Plaintiff Peralta worked from approximately 11:00 a.m. until on or about 11:00 p.m. Mondays, Tuesdays, Fridays and Saturdays, and from approximately 4:00 p.m. until on or about 11:00 p.m. on Wednesdays (typically 55 hours per week).

49.    Throughout his entire employment, defendants paid Plaintiff Peralta his wages by check.

50.    From approximately October 2011 until on or about December 2015, defendants paid Plaintiff Peralta $5.65 per hour, but only for an average of 41.5 hours per week.

51.    From approximately January 2016 until on or about October 4, 2017, defendants paid Plaintiff Peralta $7.50 per regular hour and an average of $12 per hour for a maximum of 6 overtime hours per week reported on his checks.

52.    Defendants never granted Plaintiff Peralta any break or meal periods of any length.

53.    Plaintiff Peralta was never notified by Defendants that his tips would be included as an offset for wages.

54.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Peralta's wages.

55.    Defendants did not provide Plaintiff Peralta with accurate statement of wages with each payment of wages, as required by NYLL 195(3).

56.    Defendants never provided Plaintiff Peralta with an accurate written notice, in English and in Spanish (Plaintiff Peralta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    No accurate notification, either in the form of posted notices or other means, was ever given to Plaintiff Peralta regarding overtime and wages under the FLSA and NYLL.

58.     Defendants required Plaintiff Peralta to purchase "tools of the trade" with his own funds—including shirts and pants.

*Defendants' General Employment Practices*

59.     Defendants regularly required Plaintiff Peralta to work in excess of forty (40) hours per week without paying him the appropriate minimum wage, overtime compensation and spread of hours pay.

60.     Defendants maintained a policy and practice of requiring Plaintiff Peralta and all similarly situated employees to work without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

61.     Defendants required all waiters, including Plaintiff Peralta, to perform general non-waiting, non-tipped restaurant tasks in addition to their primary duties as waiters.

62.     Plaintiff Peralta, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-waiting, non-tipped duties.

63.     Plaintiff Peralta and all other waiters were paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff Peralta's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

64.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

65.    The waiters', including Plaintiff Peralta's, duties were not incidental to their occupation as waiters, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

66.    In violation of federal and state law as codified above, Defendants classified Plaintiff Peralta and other waiters as tipped employees, and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

67.    Defendants failed to inform Plaintiff Peralta that his tips would be credited towards the payment of the minimum wage.

68.    At no time did Defendants inform Plaintiff Peralta that they had reduced his hourly wage by a tip allowance.

69.    Defendants failed to maintain a record of tips earned by Plaintiff Peralta for the deliveries he made to customers.

70.    Plaintiff Peralta was paid his wages entirely by checks that did not compensate him for all the hours he had worked.

71.    Defendants failed to post required wage and hour posters in the discount store, and did not provide Plaintiff Peralta with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Peralta's relative lack of sophistication in wage and hour laws.

72.    By employing these practices, Defendants avoided paying Plaintiff Peralta the minimum wage for his regular hours and overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

73.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Peralta (and similarly situated individuals) worked, and to avoid paying Plaintiff Peralta properly (1) his hours worked; (2) minimum wage rate; (3) spread of hours pay; and, (4) for overtime due.

74.    Defendants failed to provide Plaintiff Peralta and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

75.    Defendants failed to provide Plaintiff Peralta and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language (Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

13

business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76.    Plaintiff Peralta brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

77.    At all relevant times, Plaintiff Peralta, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions.

78.    At all relevant times, Plaintiff Peralta, and other members of the FLSA class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage rate and overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA.

79.    The claims of Plaintiff Peralta stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

80.    Plaintiff Peralta repeats and realleges all paragraphs above as though fully set forth herein.

81.    At all times relevant to this action, Defendants were Plaintiff Peralta's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Peralta (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

82.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84.    Defendants failed to pay Plaintiff Peralta (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.    Defendants' failure to pay Plaintiff Peralta (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.    Plaintiff Peralta (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.    Plaintiff Peralta repeats and realleges all paragraphs above as though fully set forth herein.

88.    Defendants, in violation of the FLSA, failed to pay Plaintiff Peralta (and the FLSA Class members) overtime compensation at rates of one and one-half times the

regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

89.     Defendants' failure to pay Plaintiff Peralta (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Peralta (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

91.     Plaintiff Peralta repeats and realleges all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiff Peralta's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Peralta (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

93.     Defendants, in violation of the NYLL, paid Plaintiff Peralta  (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

94.     Defendants' failure to pay Plaintiff Peralta (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Peralta (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF

## THE NEW YORK STATE LABOR LAWS

96.     Plaintiff Peralta repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Peralta (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

98.     Defendants' failure to pay Plaintiff Peralta (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Peralta (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

100.    Plaintiff Peralta repeats and re-alleges all paragraphs above as though fully set forth herein.

101.    Defendants failed to pay Plaintiff Peralta (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Peralta's spread of hours exceeded ten hours in violation of New York Lab. Law

§§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

102.    Defendants' failure to pay Plaintiff Peralta (and the FLSA Class members) an additional hour's pay for each day Plaintiff Peralta's  (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

103.    Plaintiff Peralta (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

104.    Plaintiff Peralta repeats and re-alleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to provide Plaintiff Peralta  with a written notice, in English and in Spanish (Plaintiff Peralta's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

106.    Defendants are liable to Plaintiff Peralta in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

107.    Plaintiff Peralta repeats and realleges all paragraphs above as though set forth fully herein.

108.    Defendants did not provide Plaintiff Peralta with a statement of wages with each payment of wages, as required by NYLL 195(3).

109.    Defendants are liable to Plaintiff Peralta in the amount of $5,000, together with costs and attorney's fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

110.    Plaintiff Peralta repeats and re-alleges all paragraphs above as though set forth fully herein.

111.    Defendants required Plaintiff Peralta to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as shirts and pants, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

112.    Plaintiff Peralta was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peralta respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Peralta and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Peralta and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Peralta', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Peralta and the FLSA class members;

(f)     Awarding Plaintiff Peralta and the FLSA class members damages for the amount of unpaid minimum wages and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Peralta and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Peralta  and the members of

the FLSA Class;

(j)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Peralta', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Peralta and the members of the FLSA Class;

(l)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Peralta and the FLSA Class members;

(m)    Awarding Plaintiff Peralta and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)    Awarding Plaintiff Peralta damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Peralta and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)    Awarding Plaintiff Peralta and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Peralta and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Peralta demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
         October 30, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace

By:      Michael A. Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         (212) 317-1200
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

October 23, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Victor Peralta

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:                  _Victor Peralta_

Date / Fecha:                    23 de octubre de 2017

*Certified as a minority-owned business in the State of New York*