UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR PERALTA, *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

BLL RESTAURANT CORP. (d/b/a PORTO BELLO)
BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49
CARMINE ST. RESTAURANT CORP. (d/b/a
PORTO BELLO), ALBERTO BEVILACQUA and
LOUIS BEVILACQUA,

Defendants.

17-CV-08362-BCM

SETTLEMENT AGREEMENT
AND
RELEASE

---

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Victor Peralta ("Plaintiff") on the one hand, and BLL RESTAURANT CORP. (d/b/a PORTO BELLO) BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO), (the "Defendant Corporations"), and ALBERTO BEVILACQUA and LOUIS BEVILACQUA (the "Individual Defendants") (collectively the Defendant Corporations and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-08362 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1231196.1                                    {02830139 / 1}

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty Thousand Dollars ($60,000) (the "Settlement Amount") to be paid to Plaintiff's attorney's in (24) monthly installments as follows:

Installment One: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on May 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Two: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on June 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Three: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on July 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Four: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on August 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Five: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on September 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Six: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on October 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Seven: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on November 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the

Plaintiff and his counsel.

Installment Eight: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on December 1, 2018, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Nine:  A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on January 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Ten:  A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on February 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Eleven: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on March 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twelve: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on April 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Thirteen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on May 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Fourteen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on June 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Fifteen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on July 1, 2019, delivered to Plaintiff's counsel. Determination of

the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Sixteen:  A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on August 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Seventeen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on September 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Eighteen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on October 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Nineteen: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on November 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twenty: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on December 1, 2019, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twenty-One: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on January 1, 2020, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twenty-Two: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on February 1, 2020, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twenty Three: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for

Plaintiff", for immediate deposit on March 1, 2020, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

Installment Twenty Four: A check in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit on April 1, 2020, delivered to Plaintiff's counsel. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

The payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at 60 East 42nd Street, Suite 4510, New York, NY 10165.

2(a).    Upon signing this Agreement, the Defendants shall execute Confessions of Judgment in the amount of Sixty Thousand Dollars ($60,000.00) (attached hereto as Exhibits A-D). In the event Defendants fail to submit any of the installment payments above by the due date, Plaintiff shall notify Defendants of the default, in writing, by first class mail via their counsel, Abigail Nitka, Esq., at Messner Reeves, LLP 805 Third Avenue, 18th Floor, New York, NY 10022. If Defendants do not cure the defect within seven (7) days of Plaintiff mailing notice to Abigail Nitka, then Plaintiff shall be entitled to file the Confessions of Judgment with the Court.

2(b).    Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

3(a).    Release and Covenant Not To Sue: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, spouses, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3(b).    Plaintiff represents that he has not filed any other lawsuit or initiated any other wage and hour proceeding against any of the Defendants, except the Litigation released herewith. Plaintiff also agrees not to bring any wage and hour lawsuit or initiate any wage and hour proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to

{02830139 / 1}

permit anyone else to do so on their behalf, to the maximum extent possible under applicable law.

4.      No Admission of Wrongdoing:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.      Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

6.      Acknowledgment:    Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7.      Notices:       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Messner Reeves, LLP
805 Third Avenue, 18th Floor,
New York, NY 10022
Tel: (646)-663-1800
Email: anitka@messner.com

8.      Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

{02830139 / 1}

9.      Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.      Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and he is signing this Agreement voluntarily.

11.      Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

Plaintiff:

By: _____
        VICTOR PERALTA

Defendants:

BLL RESTAURANT CORP. (d/b/a PORTO BELLO)
By: _____

Print Name ___ Louis A. Bevilacqua ___

Title ___ Chairman ___

{02830139 / 1}

BLL RESTRNT CORP. (d/b/a PORTO BELLO)

By:_____

Print Name   Louis A. Bevilacqua

Title____Chairman

49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO)

D/B/A Marinella Restaurant

By:_____

Print Name ___Louis A. Bevilacqua

Title___Chairman

By: _____
         ALBERTO BEVILACQUA

By: _____
         LOUIS BEVILACQUA

{02830139 / 1}

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x
VICTOR PERALTA, *individually and on behalf of* :
*others similarly situated,*                    :
                                                :
              *Plaintiff,*                   :   Index No.:
                                                :
          -against-                         :
                                                :   **AFFIDAVIT OF CONFESSION OF**
BLL RESTAURANT CORP. (d/b/a PORTO               :   **JUDGMENT**
BELLO) BLL RESTRNT CORP. (d/b/a PORTO           :
BELLO) 49 CARMINE ST. RESTAURANT                :
CORP. (d/b/a PORTO BELLO), ALBERTO              :
BEVILACQUA and LOUIS BEVILACQUA,                :
                                                :
                                                :
              *Defendants.*

------------------------------x

STATE OF NEW YORK    )
                   : ss.:
COUNTY OF          )

1.     I LOUIS BEVILACQUA, reside in _Frederick_ County., Maryland.

2.     I am the President of BLL RESTAURANT CORP. (d/b/a PORTO BELLO). I am duly authorized to make this affidavit of confession of judgment on behalf of BLL RESTAURANT CORP. (d/b/a PORTO BELLO).

3.     BLL RESTAURANT CORP. (d/b/a PORTO BELLO) maintains its principal place of business in New York County at _208 Thompson Street, NY NY_.

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Victor Peralta ("Plaintiff") and BLL RESTAURANT CORP. (d/b/a PORTO BELLO) BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO), (the "Defendant Corporations"), and ALBERTO BEVILACQUA and LOUIS BEVILACQUA, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against BLL RESTAURANT CORP. (d/b/a PORTO BELLO) in favor of Plaintiff for the sum of Sixty Thousand Dollars and Zero Cents ($60,000.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this affidavit of

{02830139 / 1}

confession of judgment represents the settlement amount of $60,000.00.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $60,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against BLL RESTAURANT CORP. (d/b/a PORTO BELLO).

BLL RESTAURANT CORP. (d/b/a PORTO BELLO)

By: _____
                                    LOUIS BEVILACQUA
                                    Title: President

STATE OF Maryland )
                        : ss.:

On __14/05__ , 2018, before me personally came Louis Bevilacqua, to me known, who, by me duly sworn, did depose and say that deponent resides at 4802 Whiskey Ct, Ijamsville Md, that deponent is the President of BLL RESTAURANT CORP. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of BLL RESTAURANT CORP. and was authorized to do so.

_____
Notary Public

MARIA A ARZE
Notary Public-Maryland
Frederick County
My Commission Expires
01-16-2022

{02830139 / 1}

EXHIBIT B

{02830139 / 1}

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VICTOR PERALTA, *individually and on behalf of* :
*others similarly situated,*

          :    Index No.:

              *Plaintiff,*       :

              -against-       :    **AFFIDAVIT OF CONFESSION OF**
                       :    **JUDGMENT**

BLL RESTAURANT CORP. (d/b/a PORTO   :
BELLO) BLL RESTRNT CORP. (d/b/a PORTO   :
BELLO) 49 CARMINE ST. RESTAURANT   :
CORP. (d/b/a PORTO BELLO), ALBERTO   :
BEVILACQUA and LOUIS BEVILACQUA,   :
                       :

              *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                     : ss.:
COUNTY OF          )

1.     I, LOUIS BEVILACQUA, reside in _Frederick_ County, Maryland.

2.     I am the President of BLL RESTRNT CORP. (d/b/a PORTO BELLO). I am duly authorized to make this affidavit of confession of judgment on behalf of BLL RESTRNT CORP. (d/b/a PORTO BELLO).

3.     BLL RESTRNT CORP. (d/b/a PORTO BELLO) maintains its principal place of business in New York County at _208 Thompson Street, NY NY_ .

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Victor Peralta ("Plaintiff") and BLL RESTAURANT CORP. (d/b/a PORTO BELLO) BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO), (the "Defendant Corporations"), and ALBERTO BEVILACQUA and LOUIS BEVILACQUA, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against BLL RESTRNT CORP. (d/b/a PORTO BELLO) in favor of Plaintiff for the sum of Sixty Thousand Dollars and Zero Cents ($60,000.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this affidavit of

confession of judgment represents the settlement amount of $60,000.00.

      6.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

      7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $60,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against BLL RESTRNT CORP. (d/b/a PORTO BELLO).

BLL RESTRNT CORP. (d/b/a PORTO BELLO)

By: _____

                              LOUIS BEVILACQUA
                              Title: President

STATE OF *Maryland* )
                : ss.:

On  *14/05* , 2018, before me personally came *Louis Bevilacqua*, to me known, who, by me duly sworn, did depose and say that deponent resides at *4802 Whiskey Ct, Jramsville Md*, that deponent is the <u>President</u> of BLL RESTRNT CORP. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of BLL RESTRNT CORP. and was authorized to do so.

_____
Notary Public

MARIA A ARZE
Notary Public-Maryland
Frederick County
My Commission Expires
01-16-2022

{02830139 / 1}

EXHIBIT C

{02830139 / 1}

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VICTOR PERALTA, *individually and on behalf of* :
*others similarly situated,*

                                :   Index No.:

             *Plaintiff,*        :

                                :

          -against-            :   **AFFIDAVIT OF CONFESSION OF**

                                :   **JUDGMENT**

BLL RESTAURANT CORP. (d/b/a PORTO   :
BELLO) BLL RESTRNT CORP. (d/b/a PORTO   :
BELLO) 49 CARMINE ST. RESTAURANT   :
CORP. (d/b/a PORTO BELLO), ALBERTO   :
BEVILACQUA and LOUIS BEVILACQUA,   :

                                :

             *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                        : ss.:
COUNTY OF            )

1.     I, LOUIS BEVILACQUA, reside in Frederick  County., Maryland.

2.     I am the President of 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO). I am duly authorized to make this affidavit of confession of judgment on behalf of 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO).

3.     49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO) maintains its principal place of business in New York County at 208 Thompson Street, NY NY            .

4.     Pursuant to the terms of the Settlement Agreement and Release by and between Victor Peralta ("Plaintiff") and BLL RESTAURANT CORP. (d/b/a PORTO BELLO) BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO), (the "Defendant Corporations"), and ALBERTO BEVILACQUA and LOUIS BEVILACQUA, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO) in favor of Plaintiff for the sum of Sixty Thousand Dollars and Zero Cents ($60,000.00), less any payments made under the Settlement Agreement.

5.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this affidavit of

{02830139 / 1}

confession of judgment represents the settlement amount of $60,000.00.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $60,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO).

49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO)

By: _____
LOUIS BEVILACQUA
Title: President

STATE OF Maryland )
                 : ss.:

On 05/14/2018, 2018, before me personally came Louis A. Bevilacqua, to me known, who, by me duly sworn, did depose and say that deponent resides at 4802 Whiskey Ct. Ijamsville MD that deponent is the President of 49 CARMINE ST. RESTAURANT CORP. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 49 CARMINE ST. RESTAURANT CORP. and was authorized to do so.

_____
Notary Public

MARIA A ARZE
Notary Public-Maryland
Frederick County
My Commission Expires
01-16-2022

{02830139 / 1}

EXHIBIT D

{02830139 / 1}

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VICTOR PERALTA, *individually and on behalf of* :
*others similarly situated,*

                   Index No.:

             *Plaintiff,*

                   **AFFIDAVIT OF CONFESSION OF**

       -against-           **JUDGMENT**

BLL RESTAURANT CORP. (d/b/a PORTO
BELLO) BLL RESTRNT CORP. (d/b/a PORTO
BELLO) 49 CARMINE ST. RESTAURANT
CORP. (d/b/a PORTO BELLO), ALBERTO
BEVILACQUA and LOUIS BEVILACQUA,

            *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )

                       : ss.:

COUNTY OF           )

1.      I, LOUIS BEVILACQUA, reside in  Frederick County., Maryland.

2.      Pursuant to the terms of the Settlement Agreement and Release by and between Victor Peralta ("Plaintiff") and BLL RESTAURANT CORP. (d/b/a PORTO BELLO) BLL RESTRNT CORP. (d/b/a PORTO BELLO) 49 CARMINE ST. RESTAURANT CORP. (d/b/a PORTO BELLO), (the "Defendant Corporations"), and ALBERTO BEVILACQUA and LOUIS BEVILACQUA, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me, Louis Bevilacqua, in favor of Plaintiff, for the sum of Sixty Thousand Dollars and Zero Cents ($60,000.00), less any payments made under the Settlement Agreement..

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $60,000.00.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

{02830139 / 1}

5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $60,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me LOUIS BEVILACQUA.

_____
LOUIS BEVILACQUA

Sworn to before me this
14 day of May 2018

MARIA A ARZE
Notary Public-Maryland
Frederick County
My Commission Expires
01-16-2022

{02830139 / 1}