

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR PERALTA,

        Plaintiff,

-against-

BLL RESTAURANT CORP. d/b/a Porto Bello, et al.,

        Defendants.

17-CV-8362 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' proposed settlement agreement (Agreement) (Dkt. No. 33-1), and joint letters, dated May 14, 2018 (Dkt. No. 33) and August 24, 2018 (Dkt. No. 34), seeking approval of the Agreement, and advising the Court on the status of certain settlement payments that have come due while the Agreement has been *sub judice*. The Agreement requires defendants BLL Restaurant Corp., BLL Restrnt Corp., 49 Carmine St. Restaurant Corp., Alberto Bevilacqua, and Louis Bevilacqua to pay $60,000 to plaintiff Victor Peralta in full settlement of his Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. Ag. ¶ 1. Although the Agreement provided that defendants would make payments in twenty-four monthly installments beginning in May 2018, *id.*, the parties have advised the Court that defendants will make a lump sum payment, no later than September 3, 2018, to cover the installments due from May through September, 2018. August 24 Letter at 1. Defendants have executed confessions of judgment for $60,000, which may be filed with the Court in the event defendants fail to cure any non-payment within seven days of plaintiff mailing written notice of the default to defendants' counsel. Ag. ¶ 2(a), Exs. A-D.

    The Agreement includes a mutual release, limited to plaintiff's wage-related claims, in which defendants release plaintiff, and plaintiff releases defendants (and certain related persons),

from any and all claims "relating specifically to the claims in the litigation," through the Effective Date of the Agreement. Ag. ¶ 3(a).

Plaintiffs' counsel seek one-third of the gross settlement amount ($20,000) in attorney's fees. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"). In support of the fee request, counsel submitted a detailed timesheet showing hours reasonably expended in this action. May 14 Letter Ex. C. Counsel do not separately seek reimbursement for costs.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is APPROVED, and the case is hereby DISMISSED WITH PREJUDICE. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is directed to close the case.

Dated: New York, New York
August 24, 2018

SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge